UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: E.H. MITCHELL &
COMPANY, LLC

CIVIL ACTION

NO. 14-959 c/w 14-2222 and
14-2224

SECTION "H"(5)
(applies to 14-2222 only)

## ORDER AND REASONS

Before the Court is the Creditor's Motion for Leave to Appeal an Interlocutory Order of the Bankruptcy Court (R. Doc. 25 (R. Doc 1 in consolidated case 14-2222)). For the reasons outlined below, this Motion is DENIED.

### BACKGROUND[1]

The creditor in this action, Reginald Laurent ("Laurent"), is an attorney who represented the debtor-in-possession, E.H. Mitchell & Company, LLC ("E.H.

---

[1] The background facts are primarily adopted from this Motion and the memorandum in support (R. Docs. 25, 35).

1

Mitchell"), in litigation for 7 years. In that litigation, Laurent obtained a judgment on behalf of E.H. Mitchell against Charles Paul Alonzo. After the judgment, Alonzo filed for Chapter 7 bankruptcy, and Laurent represented E.H. Mitchell in its efforts to collect on the judgment.

In July of 2013, Laurent filed suit in Louisiana's 22nd Judicial District Court against his client, E.H. Mitchell, seeking to collect on their attorney's fee contract and asserting a statutory special privilege. During the course of discovery, E.H. Mitchell filed for bankruptcy and removed the state court action to this Court. The case was automatically referred to bankruptcy court. In the bankruptcy court, Laurent filed a Motion for Mandatory and Discretionary Abstention and Remand, requesting that the bankruptcy court either abstain from exercising jurisdiction over his claim against E.H. Mitchell or remand it back to state court. The bankruptcy court denied Laurent's Motion, and Laurent now seeks leave to appeal that interlocutory denial to this Court. No opposition was filed to this Motion.

## LEGAL STANDARD

According to 28 U.S.C. § 158(a), a party may appeal an interlocutory order of the bankruptcy court only "with leave of court." While 28 U.S.C. § 158(a) does not expressly indicate the standard that should be used in considering whether to grant leave to appeal, the Fifth Circuit has stated that "the vast majority of district courts faced with the problem have adopted the standard under 28

U.S.C. § 1292(b) for interlocutory appeals from district court orders."[2]  The standard under 28 U.S.C. § 1292(b) requires the consideration of three elements: (1) whether a controlling issue of law is involved; (2) whether the question is one where there is substantial ground for difference of opinion; and (3) whether an immediate appeal would materially advance the ultimate termination of the litigation. "The decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion."[3]

## LAW AND ANALYSIS

"[F]ederal courts are duty-bound to examine the basis of subject matter jurisdiction *sua sponte*."[4]  Accordingly, this Court must consider whether it can exercise jurisdiction before reaching the merits of this Motion.  In order for this Court to have jurisdiction to consider Laurent's appeal from the bankruptcy court's order, the notice of appeal must have been timely filed.  The time limitations for filing an appeal of a bankruptcy order are jurisdictional and cannot be waived.[5]

In order to appeal an interlocutory order of the bankruptcy court, a party must file both a notice of appeal and a motion for leave to appeal.[6]  The Bankruptcy Rules do not expressly designate a time within which an

---

[2] *Matter of Ichinose*, 946 F.2d 1169, 1176–77 (5th Cir. 1991); *see, e.g.*, *In re Cent. Louisiana Grain Co-op., Inc.*, 489 B.R. 403, 408 (W.D. La. 2013).

[3] *In re O'Connor*, 258 F.3d 392, 399–400 (5th Cir. 2001).

[4] *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

[5] *Matter of Aguilar*, 861 F.2d 873, 874 (5th Cir. 1988).

[6] Fed. R. Bankr. P. 8001 (2014).

interlocutory appeal must be made. The Fifth Circuit, however, has held that Bankruptcy Rule 8002, which states that a notice of appeal must be filed within 14 days of the entry of the order appealed from, is applicable to the appeal of interlocutory orders.[7] Specifically, it stated that:

> [Bankruptcy] Rule 8001(b) provides an interlocutory appeal is to be taken in the manner prescribed in Rule 8001(a); in turn, subpart (a) requires the notice to be filed within the time allowed by Rule 8002. Therefore, Rule 8002's time limits apply to interlocutory appeals. This is compelled by the statute.[8]

Accordingly, in order to be timely, this Motion and the corresponding notice of appeal should have been filed within 14 days of the bankruptcy court's denial of Laurent's Motion for Mandatory and Discretionary Abstention and Remand, which was issued on January 21, 2014.[9] Laurent did not file a notice of appeal into the bankruptcy record until August 14, 2014, and no request for extension of time to appeal was made.[10] "Failure to file a timely notice deprives the district court of jurisdiction to consider the appeal."[11] Accordingly, this Court lacks subject matter jurisdiction to hear Laurent's appeal, and therefore, his request for leave to appeal cannot be granted.

---

[7] *In re O'Connor*, 258 F.3d at 398.

[8] *Id.*

[9] *See* R. Doc. 1-3.

[10] *See* No. 13-12786, R. Doc. 154.

[11] *In re Moody*, 41 F.3d 1024, 1026 (5th Cir. 1995).

4

## CONCLUSION

For the foregoing reasons, this Motion is DENIED.

New Orleans, Louisiana, this 17th day of November, 2014.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**